UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

_____ )
JUDITH BARRIGAS,                          )
                                          )
         Plaintiff                        )
                                          )
v.                                        )
                                          )
UNITED STATES OF AMERICA,                 )
THE HOWARD STERN PRODUCTION               )
COMPANY, HOWARD STERN                     )
                                          )
         Defendants                       )
_____ )

## COMPLAINT AND JURY CLAIM

NOW COMES Judith Barrigas, the plaintiff in the above-entitled action, and hereby states as follows:

### STATEMENT OF SUBJECT MATTER JURISDICTION

1.      This is a civil action based on unlawful invasion of privacy, negligence and intentional torts.

2.      The defendnats' unlawful actions were committed jointly by an employee of the Internal Revenue Service, an Agency of the United States of America, and by the Howard Stern Production Company.

3.      The unlawful actions give rise to claims pursuant to the Federal Tort Claims Act, and the prohibitions described within the Internal Revenue Code (26 U.S.C. § 7431) against dissemination of tax return and personal information of a taxpayer, and for negligence and intentional torts.

4.      The unlawful practices were committed in the Federal District of Massachusetts, this

Court's judicial district, and/or its effects and resulting damages were sustained in

Massachusetts.

5.      This Court has jurisdiction of this matter pursuant to the provisions of 28 U.S.C. § §

1346(b) and 2671 et seq.

6.      Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that

arise from the same facts and circumstances as Plaintiff's claims and requests for relief

pursuant to Federal law.

7.      The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28

U.S.C. § 1367.

<u>PARTIES</u>

8.      The Plaintiff in this action is Judith Barrigas (hereinafter referred to as "the plaintiff or

Mrs. Barrigas"), an individual now or formerly residing at 44 Anchor Drive, Sandwich,

Massachusetts.

9.      Defendant United States of America (hereinafter referred to as "the IRS") is a sovereign

nation which in this case acted through its Agency, the Internal Revenue Service, which has

usual places of business at 10 Causeway Street, Boston, Massachusetts and 10 Waverly Avenue,

Holtsville, New York.

10.     Defendant The Howard Stern Production Company (hereinafter referred to as "The Stern

Show") is a corporate entity authorized to do business within the Commonwealth of

Massachusetts, and has a business address and usual place of business located at 10 East 44th

Street, New York, New York.

11.     Defendant Howard Stern is an individual and public figure radio personality who has a

business address and usual place of business located at 1221 Avenue of the Americas, New

York, New York.

12.     The Stern Show is a popular radio show which airs on satellite radio station SiriusXM,

and has approximately 1,200,000 regular listeners each day.

## FACTS COMMON TO ALL COUNTS

13.     At all times relevant to this Complaint, the IRS, Howard Stern and The Stern Show, owed

Mrs. Barrigas a duty of reasonable care and had a duty to refrain from publicly disseminating

private tax and identity information of private citizens such as Mrs. Barrigas.

14.     On May 19, 2015, the IRS, The Stern Show and Howard Stern engaged in reckless and

negligent publication of Mrs. Barrigas's personal identification, tax liability and return

information by airing the information publicly on The Stern Show.

15.     On the morning of May 19, 2015, Mrs. Barrigas called the IRS's service center to discuss

the potential misapplication of her tax refund for year 2014.

16.     The IRS had applied her refund to a 2011 and 2012 tax liability which had already been

the subject of a re-payment agreement.

17.     When Mrs. Barrigas called the IRS on the morning of May 19, 2015, she was connected

with Agent Jimmy Forsythe, ID number 1000177803.

18.     Mrs. Barrigas spent nearly 45 minutes discussing the case with Agent Forsythe.

19.     The discussion between Mrs. Barrigas and Agent Forsythe included but was not limited

to mention of Mrs. Barrigas's phone number, the tax return and refund issues, and the details of

the repayment plan for the 2011 and 2012 tax liability due.

20.    While on the phone with Agent Forsythe, Mrs. Barrigas suddenly began to receive a barrage of text messages and phone calls from unknown callers/individuals.

21.    The text messages were informing Mrs. Barrigas that her personal information and phone number was being aired live on The Stern Show.

22.    Unbeknownst to Mrs. Barrigas, Agent Forsythe had called in to the Howard Stern Show as a listener.

23.    Agent Forsythe had been on hold with the Howard Stern Show using another phone line during his call with Mrs. Barrigas.

24.    While Agent Forsythe discussed Mrs. Barrigas's private tax matter with her, Howard Stern and other agents of the Stern Show picked up Agent Forsythe's call and aired the discussion between Agent Forsythe and Mrs. Barrigas live on satellite radio.

25.    The IRS, Mr. Stern and The Stern Show, therefore, broadcast Mrs. Barrigas's private tax return information and her identity to approximately 1,200,000 listeners of The Stern Show worldwide.

26.    Mr. Stern and The Stern Show negligently permitted a significantly long period of time to elapse between the time that Mr. Stern and others at the radio program were well aware that a private tax payer, Mrs. Barrigas's personal tax information and identity (her phone number) was being aired live on the radio, and the time the call ended.

27.    Mr. Stern stated expressly on the air that the conversation involved a tax collector and was of a personal nature and was not what the caller had intended.

28.    Mr. Stern and The Stern Show were fully aware that they were broadcasting and disseminating Mrs. Barrigas's tax and personal information, yet failed to take any action to stop the broadcast.

29.     Mr. Stern and The Stern Show had ample opportunity to avoid the publication of Mrs.

Barrigas's personal, private information and identifying information.

30.     Mr. Stern and The Stern Show joked about the publication and broadcast of Mrs.

Barrigas's tax and personal information and conversation with the IRS's Agent Forsythe and

used the broadcast and the humiliation of Mrs. Barrigas as a source of amusement for their

listeners.

31.     To this day, Mrs. Barrigas's phone call with Agent Forsythe may be accessed on the

internet in full or in part and thus continues to be publicly broadcast.

32.     From the moment that Agent Forsythe aired his private call with Mrs. Barrigas and her

identifying information (her phone number), hundreds of thousands of listeners heard it, and

hundreds contacted Mrs. Barrigas.

33.     Many calls and text messages received by Mrs. Barrigas were harassing in nature and

continued for many days, leaving Mrs, Barrigas in a frantic, high anxiety state.

34.     As soon as Mrs. Barrigas understood what had happened, she immediately did everything

she could to report the incident to the IRS and to the Howard Show and first and foremost, to

have her private information and phone number removed from any media accessible to the

public.

35.     Mrs. Barrigas made numerous calls to the IRS, and spoke with Agent Spallholtz, ID

number 190019255, Agent Forsythe's supervisor.

36.     Inexplicably, it was not until Mrs. Barrigas reported the incident to the consumer helpline

of WCVB-TV, a local news outlet, that any substantive action was taken by the IRS.

37.     Only upon notice from WCVB did the IRS begin an investigation into the matter and

place Agent Forsythe on administrative leave.

38.     IRS Special Agent James Mulligan then contacted Mrs. Barrigas and acknowledged that Agent Forsythe had indeed aired her private call on the Howard Stern Show.

39.     The Howard Stern show was also not responsive to Mrs. Barrigas's calls, and continued to air the call on its web site for many weeks after the incident.

40.     The effect of this egregious breach and invasion of privacy by the IRS on Mrs. Barrigas has been severe, as Mrs. Barrigas has been humiliated publicly, and had her privacy severely violated.

41.     Mrs. Barrigas had placed her trust in the IRS when making an honest call to resolve a tax issue in good faith.

42.     The IRS's outrageous violation of Mrs. Barrigas's privacy has resulted in tremendous anxiety in Mrs. Barrigas.

43.     She has had difficulty sleeping and eating since the incident, and has sought treatment as a result.

44.     Mrs. Barrigas has had a long professional career in business and consulting.

45.     At the time of the incident, Mrs. Barrigas was in the midst of a change of employment.

46.     For the first time in her career, Mrs. Barrigas has had difficulty finding employment in her field, as the wide airing and publication of her private tax matter has affected her employment search negatively.

47.     Mrs. Barrigas suffers from anxiety, loss of sleep and irregular eating patterns as a result of the egregious invasion of her privacy by the IRS, Howard Stern and The Stern Show.

48.     Mrs. Barrigas's symptoms have affected her ability to search for work.

49.     On or about October 16, 2015, Mrs. Barrigas presented her claim to the IRS in writing and filed the administrative claim appropriately and in a timely manner pursuant to the provisions of 28 U.S.C. § 2675(a), The Federal Tort Claims Act.

50.     The plaintiff has satisfied her administrative claim filing pre-requisite prior to filing this action, pursuant to the Federal Tort Claims Act.

51.     On or about October 23, 2015, the IRS acknowledged receipt of Mrs. Barrigas's administrative claim filing but did not deny Mrs. Barrigas's claim.

52.      The IRS's outrageous disclosure of Mrs. Barrigas's tax return and personal identity information to 1,200,000 people was a clear and egregious violation of 26 U.S.C. § 6103 and 5 USC 552 (a)(g)(1)(D), which prohibit publication of such taxpayer information.

## COUNT I – FEDERAL TORT CLAIMS ACT

### Judith Barrigas v. The United States of America

53.     Plaintiff restates, realleges and incorporates by reference herein allegations one through fifty-two of this Complaint.

54.     The Defendant in this Count is The United States of America (through its Agency, the IRS.)

55.     The defendant breached its duty of care by recklessly or negligently publicly broadcasting and disseminating Mrs. Barrigas's tax return information and personal identifying information to over one million people.

56.     Defendants' conduct, as alleged in allegations one through fifty-two of Plaintiff's Complaint, constitutes unlawful negligence and violates M.G.L. Chapter 214, § 1B's prohibition against invasion of privacy .

57.     Pursuant to the provisions of 28 U.S.C. § § 1346(b) and 2671 et seq., The Federal Tort Claims Act, this defendant has waived its sovereign immunity.

58.     As a direct and proximate result of Defendants' unlawful negligence, the plaintiff, Judith Barrigas, has suffered and continues to suffer substantial loss of reputation, was humiliated publicly, has sustained loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

59.      Mrs. Barrigas presented her claim to the IRS in writing and filed the administrative claim appropriately and in a timely manner pursuant to the provisions of 28 U.S.C. § 2675(a), The Federal Tort Claims Act.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant and:

a.      Declare that this Defendant's conduct was negligent or reckless;

b.      Award Plaintiff compensatory damages;

c.      Award Plaintiff punitive damages;

d.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

e.      Issue such other relief as the Court deems just and proper.

### COUNT II – UNLAWFUL DISCLOSURE OF TAX RETURN AND PERSONAL INFORMATION

### Judith Barrigas v. The United States of America

60.     Plaintiff restates, realleges and incorporates by reference herein allegations one through fifty-nine of this Complaint.

8

61.     The Defendant in this Count is The United States of America (through its Agency, the

IRS.)

62.     Pursuant to the Internal Revenue Code's provisions, specifically 26 U.S.C. § 7431 and 26

U.S.C. § 6103, the defendant is and was prohibited from publicly disclosing a tax payer such as

Mrs. Barrigas's tax and tax return information and her personal identifying information.

63.     The defendant breached its duty under 26 U.S.C. § 7431 and 26 U.S.C. § 6103 by

recklessly or negligently publicly broadcasting and disseminating Mrs. Barrigas's tax return

information and personal identifying information to over one million people.

64.     Defendants' conduct, as alleged in allegations one through sixty-three of Plaintiff's

Complaint, constitutes a clear violation of the prohibitions contained within 26 U.S.C. § 7431

and 26 U.S.C. § 6103.

65.     As a direct and proximate result of Defendants' clear violation of the prohibitions

contained within 26 U.S.C. § 7431 and 26 U.S.C. § 6103, the plaintiff, Judith Barrigas, has

suffered and continues to suffer substantial loss of reputation, was humiliated publicly, has

sustained loss of wages, earning capacity and fringe benefits, has suffered emotional distress and

anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at

trial.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant and:

a.      Declare that this Defendant's conduct violated 6 U.S.C. § 7431 and 26 U.S.C. § 6103;

b.      Award Plaintiff compensatory damages;

c.      Award Plaintiff punitive damages;

d.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

e.      Issue such other relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE

### Judith Barrigas v. The Howard Stern Production Company and Howard Stern

66.      Plaintiff restates, realleges and incorporates by reference herein allegations one through sixty-five of this Complaint.

67.      The defendants in this Count are The Stern Show and Howard Stern.

68.      The defendants owed Mrs. Barrigas a duty of reasonable care to avoid public broadcasting and dissemination of private information of private individuals such as Mrs. Barrigas.

69.      The defendants breached their duty of reasonable care by broadcasting the private phone conversation between Mrs. Barrigas and the IRS on May 19, 2015 and thereby publicly disseminating private tax return and identity information of Mrs. Barrigas's to over one million people worldwide.

70.      The defendants continued to breach  their duty of reasonable care by broadcasting the private phone conversation between Mrs. Barrigas and the IRS on May 19, 2015 and thereby publicly disseminating private tax return and identity information of Mrs. Barrigas's to over one million people worldwide, long after the defendants were fully aware that they were doing so.

71.      The defendants' conduct as described in this Complaint was reckless and/or negligent.

72.      As a direct and proximate result of Defendants' unlawful recklessness and negligence, the plaintiff, Judith Barrigas, has suffered and continues to suffer substantial loss of reputation, was humiliated publicly, has sustained loss of wages, earning capacity and fringe benefits, has

suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendants and:

a.     Declare that these Defendants' conduct was negligent or reckless;

b.     Award Plaintiff compensatory damages;

c.     Award Plaintiff punitive damages;

d.     Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

e.     Issue such other relief as the Court deems just and proper


## COUNT IV – INVASION OF PRIVACY

### Judith Barrigas v. The Howard Stern Production Company and Howard Stern

73.     Plaintiff restates, re-alleges and incorporates by reference herein allegations one through seventy two of this Complaint.

74.     The defendants in this Count are The Stern Show and Howard Stern.

75.     Pursuant to M.G.L. Chapter 214, §1B, a person such as Mrs. Barrigas shall have a right against unreasonable, substantial or serious interference with her privacy.

76.     Mrs. Barrigas had a reasonable expectation of privacy in her May 19, 2015 telephone conversation with the IRS.

77.     The defendants unlawfully invaded Mrs. Barrigas's privacy by broadcasting the private phone conversation between Mrs. Barrigas and the IRS on May 19, 2015 and thereby publicly

disseminating private tax return and identity information of Mrs. Barrigas's to over one million people worldwide.

78.    The defendants continued to invade Mrs. Barrigas's privacy by broadcasting the private phone conversation between Mrs. Barrigas and the IRS on May 19, 2015 and thereby publicly disseminating private tax return and identity information of Mrs. Barrigas's to over one million people worldwide, long after the defendants were fully aware that they were doing so.

79.    The defendants' conduct as described in this Complaint violated M.G.L. Chapter 214, §1B.

80.    As a direct and proximate result of Defendants' violation of M.G.L. Chapter 214, §1B, the plaintiff, Judith Barrigas, has suffered and continues to suffer substantial loss of reputation, was humiliated publicly, has sustained loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendants and:

a.    Declare that these Defendants' conduct violated M.G.L. Chapter 214, §1B.

b.    Award Plaintiff compensatory damages;

c.    Award Plaintiff punitive damages;

d.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

e.    Issue such other relief as the Court deems just and proper.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Judith Barrigas v. The Howard Stern Production Company and Howard Stern

81.    Plaintiff restates, re-alleges and incorporates by reference herein allegations one through eighty of this Complaint.

82.    The defendants in this Count are The Stern Show and Howard Stern.

83.    The defendants intended to inflict emotional distress upon Plaintiff, or knew or should have known that emotional distress was the likely result of his conduct, i.e. were reckless.

84.    Defendant's conduct, as alleged in paragraphs one through eighty-three of this Complaint, was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

85.    Defendant's actions, as alleged in paragraphs one eighty-four of this Complaint, was the cause of Plaintiff's emotional distress.

86.    Plaintiff's emotional distress was and is severe and of a nature that no reasonable person could be expected to endure.

87.    As a direct and proximate result of Defendants' Intentional Infliction of Emotional Distress, the plaintiff, Judith Barrigas, has suffered and continues to suffer substantial loss of reputation, was humiliated publicly, has sustained loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendants and:

a.    Declare that these Defendants' conduct was unlawful Intentional Infliction of Emotional Distress.

13

b.      Award Plaintiff compensatory damages;

c.      Award Plaintiff punitive damages;

d.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

        and

e.      Issue such other relief as the Court deems just and proper.


### PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE


Respectfully submitted,
For the plaintiff,


/s/      Sol J. Cohen
Sol J. Cohen
BBO # 630776
COHEN & SALES, LLC
221 Crescent Street, Suite 206
Waltham, MA 02453
(617) 621-1151
e-mail: soljcohen@cohenandsales.com