IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                       )
JUDITH BARRIGAS,                       )
                                       )
      Plaintiff,                       )   Case No. 1:17-cv-10232-JCB
                                       )
v.                                     )   Magistrate Judge Jennifer C. Boal
                                       )
UNITED STATES OF AMERICA,              )
THE HOWARD STERN PRODUCTION            )
COMPANY, and HOWARD STERN,             )
                                       )
      Defendants.                      )
_____)

**DEFENDANT UNITED STATES' MOTION FOR
LEAVE TO FILE A MEMORANDUM IN EXCESS OF
<u>THE PAGE LIMIT IN SUPPORT OF ITS MOTION TO DISMISS</u>**

      Defendant United States of America, through undersigned counsel, moves this Court for leave to file a thirty page memorandum of law in support of its motion to dismiss. In support of this motion, the United States submits the following:

      The United States' position is that there are several reasons why there is no subject matter jurisdiction over the invasion of privacy claim contained in Count I in Plaintiff's Complaint, and thus the United States is preparing a motion to dismiss on those grounds. Local Rule 7.1(b)(4) limits memoranda in support of a motion to twenty pages without "leave of court." Due to the complexity of certain matters to be addressed in the motion to dismiss, the United States requests ten additional pages in order to make its arguments.

      The Plaintiff has filed a 93-paragraph complaint, bringing claims against the United States, as well as Howard Stern and The Howard Stern Production Company, all relating to disclosure of her personal information on The Howard Stern Show. (Am. Compl.) While on a

call with Plaintiff regarding her federal tax debt, IRS employee James Forsyth was on hold with the Howard Stern Show on another phone line.  (*Id.* ¶¶ 22, 23.)  When Howard Stern answered Forsyth's call, a portion of the phone call between Plaintiff and Forsyth was aired on The Howard Stern Show.  (*Id.* ¶¶ 24, 25.)  Plaintiff contends that Forsyth's conduct was negligent or reckless, and seeks damages against the United States for the tort of invasion of privacy under the Federal Tort Claims Act (FTCA).  (*Id.* ¶¶ 53-59.)

In addition to providing an introduction, a recitation of the facts, and a discussion of the Rule 12(b)(1) standard, the United States' memorandum in support of its motion to dismiss will likely include sovereign immunity arguments based on (1) the tax exception of 28 U.S.C. § 2680(c), and (2) the lack of analogous private-person liability, as required by 28 U.S.C. §§ 1346(b)(1) and 2674, under New York tort law, which the United States contends applies here, or, alternatively, under Massachusetts tort law; and (3) the argument that the specific remedy provided for in 26 U.S.C. § 7431 precludes relief under the more general FTCA.  The complexity of certain arguments to be raised prevents the United States from being able to adequately address all of its arguments in twenty pages.  For instance, the argument that there is no analogous private person liability under New York tort law requires (1) an explanation of which state's choice-of-law rules apply under the FTCA, (2) analysis of why New York choice-of-law rules lead to the application of New York tort law rather than Massachusetts tort law, and (3) analysis of why the alleged wrongs are not actionable under New York tort law.  Given the complexity of this and certain other issues to be addressed in the motion, the United States believes that additional pages will be helpful to the Court in deciding the motion to dismiss.  Accordingly, the United States requests ten additional pages for its memorandum of law in support of its motion to dismiss.

Because this motion does not address any disputed legal issue, the United States has not submitted an accompanying memorandum of law.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I certify that counsel for the United States conferred with counsel for the other defendants regarding this motion. He assents to this motion. Counsel for the United States left multiple voice messages with Plaintiff's counsel, but has not yet been able to discuss with him whether he assents to this motion.

WHEREFORE, the United States moves for leave to file a thirty page memorandum of law in support of its motion to dismiss.

Dated: June 8, 2017

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

BEATRIZ T. SAIZ
JORDAN A. KONIG
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6585 (v)
202-305-7917 (v)
202-514-6866 (f)
Beatriz.T.Saiz@usdoj.gov
Jordan.A.Konig@usdoj.gov

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director, Torts Branch

*/s/ Austin L. Furman*
AUSTIN L. FURMAN (BBO 669205)
Trial Attorney, Torts Branch
United States Department of Justice
P.O. Box 888, Ben Franklin Station

                                          Washington, DC  20044
                                          Telephone: (202) 616-4272
                                          Facsimile:  (202) 616-5200
                                          Email: Austin.L.Furman@usdoj.gov

*Local Counsel:*

WILLIAM D. WEINREB
Acting United States Attorney

ANNAPURNA BALAKRISHNA
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on June 8, 2017.

                                          /s/ *Austin L. Furman*
                                          AUSTIN L. FURMAN
                                          Trial Attorney, Torts Branch