UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 17-CV-10232-JCB

|  |  |
|---|---|
| JUDITH BARRIGAS, | ) |
|  | ) |
|     Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
| THE HOWARD STERN PRODUCTION | ) |
| COMPANY, HOWARD STERN | ) |
|  | ) |
|     Defendants | ) |
|  | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS

NOW COMES the plaintiff in the above-entitled matter and respectfully opposes the United States' Motion to Dismiss.[1] The plaintiff requests that the Court deny the United States' Motion to Dismiss because the Court has subject matter jurisdiction over both Ms. Barrigas's FTCA claim and her claim under 26 U.S.C. § 7431 and 26 U.S.C. § 6103, and because Ms. Barrigas's Amended Complaint is sufficient to properly give the United States fair notice of the plaintiff's FTCA claim of interference with her rights of privacy under M.G.L. Chapter 214, § 1B. The plaintiff further states.as follows in support of her Opposition:

## I.      INTRODUCTION/PROCEDURAL POSTURE

Plaintiff Judith Barrigas has brought this action against both the United States and The Howard Stern Production Company and Howard Stern. As against the United States, the plaintiff

---

[1] The United States' Motion is partial.  The United States does not seek a substantive dismissal on Ms. Barrigas's claim under 26 U.S.C. § 7431 and 26 U.S.C. § 6103, arguing only the venue is improper with regard to that claim.

has brought claims for unlawful disclosure of tax information in violation of 26 U.S.C. § 7431 and 26 U.S.C. § 6103, and tort claims under the Federal Tort Claims Act ("FTCA") for recklessly or with gross negligence disseminating private tax and financial information.  The United States has filed a partial Motion to Dismiss under Rule 12(b)(1) seeking to dismiss the FTCA claim for lack of subject matter jurisdiction and to dismiss the claim for improper venue. Both of the United States' arguments are without merit.

## II.      STATEMENT OF FACTS[2]

Plaintiff Judith Barrigas is a 54 year old woman residing in Sandwich, Massachusetts. Ms. Barrigas is married to Acacio Barrigas, a long-time veteran of the United States Armed Forces.  Ms. Barrigas and her husband have two adult children.  Ms. Barrigas has had a long career in the Human Resources management field.  As of May 19, 2015 and continuing through present day, Ms. Barrigas resided with her husband at their home in Sandwich, Massachusetts. Barrigas affidavit ¶ 1-4.

On May 19, 2015, Ms. Barrigas called an IRS service center to discuss potential misapplication of her tax refund for the year 2014.  Amended Complaint ("AC") ¶ 15.  Ms. Barrigas spent nearly 45 minutes on the phone with an IRS agent Jimmy Forsythe.  AC ¶ 18. The discussion  included Ms. Barrigas's phone number, tax return and refund issues, and details of a repayment plan for tax liability due for 2011 and 2012. AC ¶ 19.  Unbeknownst to the plaintiff, IRS Agent Forsythe, apparently a fan of the popular talk radio show known as The Howard Stern Show, had called into the Show and had been on hold with the Stern  Show using another phone line during his service call with Ms. Barrigas.. AC ¶ 23.  Stern picked up the

---

[2] All facts recited herein are taken from the Plaintiff's Amended Complaint and Jury Claim and the Plaintiff's Affidavit filed herewith.

Agent Forsythe's call and proceeded to broadcast the discussion between Agent Forsythe and Ms. Barrigas live on satellite radio to millions of listeners.  AC ¶ 24.

During the airing of the call, Ms. Barrigas's personal tax information, the debt she allegedly owed to the IRS, details of the re-payment plan, and her phone number were broadcast live. AC ¶ 26.  Ms. Barrigas received a barrage of text messages and phone calls from unknown callers/individuals while she was on the phone with the IRS agent and in the hours and days after the call.  AC ¶ 20, 32-33.  Barrigas affidavit ¶ 6.  The calls and text messages continued for many days and weeks after the call.  AC ¶ 33.

Ms. Barrigas's phone number was publicly listed.  Her name and residence were easily found by an internet search by inputting her phone number into internet search engines. Barrigas affidavit ¶ 7-8.  Ms. Barrigas was unable to change her phone number in response to the onslaught of calls and text messages because she was in the midst of a job search and her phone number was the main point of contact for prospective employers. Barrigas affidavit ¶ 9.

During the call, Stern stated expressly on the air that the conversation  involved a tax collector and was of a personal nature and was not what the caller had intended, reflecting that Stern was definitively aware of the private and sensitive nature of the information being broadcast.  AC ¶ 27.  Furthermore, Stern proceeded to joke about the publication and broadcast of the plaintiff's tax debt and collection information and used the broadcast and the humiliation of Ms. Barrigas as a source of  amusement for their listeners."  AC ¶ 30.

Even today, Ms. Barrigas's phone call with the IRS may be accessed on the internet in and thus continues to be publicly broadcast.  AC ¶ 31.

---

Ms. Barrigas immediately reported the incident to the IRS and the Stern Show and sought to have her private information and phone number removed from any media accessible to the public, only to be ignored by the IRS.  AC ¶ 34. Nevertheless, to make matters worse,

Stern continued to air the call on its website for many weeks.  AC ¶ 39.  When the IRS failed to respond to Ms. Barrigas's pleas for assistance in removing her personal tax and identifying information from the public domain, Ms. Barrigas contacted the consumer help line of a local news station and asked them to contact the IRS.  Barrigas affidavit ¶ 11.  It was only then that Ms. Barrigas received any reply from the IRS.  Barrigas affidavit ¶ 12.  When the news outlet, WCVB-TV asked Ms. Barrigas for a television interview, she initially declined, but when the news reporter came to her home, she agreed only on condition that her name and face be redacted. Barrigas affidavit ¶ 13.

At the time of this incident, Ms. Barrigas was in the midst  of a change of employment. She experienced great difficulty finding employment in her  field as a result of this incident.  AC ¶¶ 45, 46.  Barrigas affidavit ¶ 14-15.  Ms. Barrigas has also sustained severe emotional distress with physical symptomology resulting from this incident.  She has experienced loss of sleep, anxiety, depression, and exacerbation of a physically disabling pain condition and a bladder condition. Barrigas affidavit ¶ 16.

## III.    ARGUMENT

1.    Standard of Review of Motion to Dismiss Pursuant to Rule 12(b)(1)

A defendant moving to dismiss for lack of jurisdiction may challenge the sufficiency of the plaintiff's complaint on its face.  See *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).  Such a challenge "accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency." *Id.*

2.      Venue

The United States contends in its Motion to Dismiss that venue is not proper in

Massachusetts.  However, in this action in which the United States is a defendant, venue is

proper in the District where the plaintiff resides.  28 U.S.C. § 1391(e).  Ms. Barrigas has been a

resident of Sandwich, Massachusetts for many years, including on February 13, 2017 when the

Complaint in this matter was filed.  Therefore, the United States' argument with regard to venue

is without merit.

3.      Federal Tort Claims Act

a.      Subject Matter Jurisdiction over the FTCA Claim - The 28 U.S.C. § 2680 (c)
        exception to the waiver of sovereign immunity

Ms. Barrigas has brought claims under the FTCA for negligence and tortious interference

with her rights to privacy for the IRS's unlawful disclosure of her tax return and tax information

during the phone call between her and IRS Agent Forsythe on May 19, 2015.  The United States

contends that 28 U.S.C. § 2680 (c) excepts the government's general waiver of sovereign

immunity encompassed in the FTCA for claims related to assessment and collection of tax.

Although the United States is correct that § 2680 (c)'s exception language has been

interpreted quite broadly, no case the government cites as support is sufficiently similar to this

case to conclude that § 2680 (c)'s exception language applies here.  *See, e.g., and contra,*

*Tempelman v. Beasley,* F. 3d 1456 (1st Cir. 1994) (involving a claim of deliberate and

malicious imposition of tax penalties); and *Kosak v. United States*, 465 U.S. 848 (1984)

(inapposite, i.e., not related in any way to the tax collection or assessment); *Hanley v. United*

*States*, 1994 U.S. App. LEXIS 30760 (where plaintiffs claimed discrimination and due process

with regard to the IRS's collection of taxes due).

Many of the cases cited by the United States involve simple disclosure of tax return information without element of the wanton, reckless, and grossly negligent conduct of the type in which Agent Forsythe engaged in this case. *See, e.g., and contra Feinschreiber v. United States*, No. 01–3628, 2002 WL 1396432, at \*2 (S.D. Fla. May 24, 2002 (in which IRS agent allegedly sent humiliating letters about plaintiffs' tax audit to third parties) *and Barrow v. United States*, No. 97-1830, 1998 WL 791849, at \*1 (6th Cir. Nov. 4, 1998) (disclosure of inaccurate tax debt to grand jury causing harm due to adverse publicity from indictment).  It is illogical to conclude that Agent Forsythe's call in to the Howard Stern Show while in performance of his duties was part of an effort to "assess or collect" a tax from Ms. Barrigas, or that it arose out of the operation of the government's mechanism for assessing and collecting taxes. *Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995)  In fact, Courts have held that not all IRS agents' actions fall within § 2680 (c)'s exception language.

Where an IRS employee commits a tort wholly unrelated to his or her official duties of assessing or collecting taxes, the sovereign immunity retained under 28 U.S.C. § 2680(c) would not apply. It is conceivable that an IRS agent could engage in tortious conduct sufficiently removed from the agent's official duties of assessing or collecting taxes as to be beyond the scope of Section 2680(c), and at the same time sufficiently within the scope of his employment as to give rise to an action against the United States. *Capozzoli v. Tracey*, 663 F.2d 645, 658 (5th Cir. 1981).

In this case, while performing his duties as an employee of the IRS, Agent Forsythe committed a tort wholly unrelated to his official duties in collecting taxes by calling in to the Howard Stern Show and (inadvertently) allowing his call with Mrs. Barrigas to be broadcast to

millions of listeners worldwide.  The Court should deny the United States' motion to dismiss Ms.

Barrigas's FTCA claim because IRS Agent Forsythe's tortious conduct was wholly unrelated to

his duties related to collecting or assessing tax and thus was not within the scope of 28 U.S.C. §

2680 (c). Therefore, the sovereign immunity retained under 28 U.S.C. § 2680(c) does not apply

to Ms. Barrigas's claim.

      b.      The Choice of Law issue

The United States makes argument that New York choice of law and substantive law

apply to this case  - despite  the entire injury and all damages were sustained by Ms. Barrigas in

Massachusetts.  However, the U.S. Supreme Court and the First Circuit have long followed the

traditional doctrine of *lex loci delicti*, which equates the 'place of the wrong' with the place of the

injury. *Richards v. United States*, 369 U.S. 1, 7 L. Ed. 2d 492, 82 S. Ct. 585 (1962); *In re N-500L

Cases*, 691 F.2d 15, 27  (1st Cir. 1982). Ms. Barrigas sustained damages and severe emotional

distress, exacerbation of a serious pain condition and of a bladder condition, all here in

Massachusetts.  She has been a resident of Massachusetts for many years including when this

incident occurred in May, 2015 and the days and weeks after the call at issue, and continuing

through present day.  Therefore, the Court should deny the United States' Rule 12(b)(1) motion

because Massachusetts choice of law and substantive law applies in this case.

      c.      Substantive claim of invasion of privacy

Ms. Barrigas's Amended Complaint brings action against the United States under the

FTCA for IRS Agent Forsythe's tortious dissemination of her private in violation of M. G.L. c.

214, § 1B.  Forsythe, while performing his duties for the IRS in handling Ms. Barrigas's private

tax and tax debt repayment related call, was also calling the Howard Stern Show and recklessly

or with gross negligence allowed the call with Ms. Barrigas to be aired live on the Stern Show to millions of listeners.

The Massachusetts privacy statute, M.G.L. c. 214, § 1B, provides that "[a] person shall have a right against unreasonable, substantial or serious interference with his privacy.  There are several elements that a plaintiff must prove to establish a claim for violation of this statute, depending on the nature of the intrusion.  Specifically, plaintiff must establish that:

• The defendant interfered with the plaintiff's privacy.

• The interference was unreasonable, substantial, or serious.

• The plaintiff has sustained damages as a result of the interference.

The allegations of Ms. Barrigas's Amended Complaint make out a prima facie case under M.G.L. c. 214, § 1B.  Ms. Barrigas alleges that Forsythe's unauthorized broadcast of her conversation with the about her tax return information and tax debt repayment plan was reckless, unreasonable, grossly negligent and was a substantial or serious interference with her privacy. Lastly, Ms. Barrigas alleges she sustained both economic and emotional distress damages as a result. Therefore, the Court should hold that Ms. Barrigas's Amended Complaint is sufficient to place the United States on notice of her claim under M.G.L. c. 214, § 1B and that it satisfies all elements of a claim under that statute. _Tellabs, Inc. v. Makor Issues & Rights, Ltd._, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) (holding that a complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.)

The United States argues that its broadcast to millions of people of Ms. Barrigas's private call to the IRS was not unreasonable, substantial and serious and that tax information is not the type of intimate details of a highly personal nature. However, Massachusetts cases hold otherwise.

In *Jones v. Taibbi*, 400 Mass. 786, 801–02 (1987), the Massachusetts Supreme Judicial

Court stated that disclosure of private facts about an individual is actionable under G.L. c. 214, §

1B.  The court referenced the Restatement (Second) of Torts § 652D (1977), which provides as

follows:

> One who gives publicity to a matter concerning the private life of another is subject to
>
> liability to the other for invasion of his privacy, if the matter publicized is of a kind that:
>
> > (a) would be highly offensive to a reasonable person, and
> >
> > (b) is not of legitimate concern to the public.

§1B, prohibits 1) a gathering and dissemination of facts of a private nature  that 2) resulted

in an unreasonable, substantial or serious interference with his privacy."    *Branyan v. Sw. Airlines*

*Co.*, 105 F. Supp. 3d 120, 126 (D. Mass. 2015) (citing *Nelson v. Salem  State Coll.*, 446 Mass.

525 (2006).

The case of *Attorney General v. Collector of Lynn,* 377 Mass. 151 (1979) involved a

dissemination of municipal property tax data that was already publicly available via the City's

assessor's public records. *Collector of Lynn* 377 Mass. at 157-158.  In contrast, the IRS's

broadcast to millions of people of Ms. Barrigas' call to the IRS involved private financial and

federal tax debt information that was not available to the public but for Stern's broadcast.

The type of financial information publicized in this case is exactly the type of private

information contemplated by the Court in *Collector of Lynn* in which one would have an

expectation of privacy. Id at 157 (stating that while an owner of property may have some

expectation of privacy in real estate tax records, he does not have the same expectation of

privacy concerning his legal obligation as he has in his private financial affairs (emphasis

added).  In this case, Ms. Barrigas had a reasonable expectation of privacy in her call to the IRS to

discuss her private tax and financial information and tax debt repayment plan.  Unlike with the

municipal property tax information at issue in the *Collector of Lynn* case which is readily

available to the public, Ms. Barrigas had no reason to expect that her call to the IRS might be

broadcast live to millions of people worldwide and then again for weeks thereafter.  Ms.

Barrigas's private tax and financial information and tax debt repayment plan was precisely the

type of  information of a highly personal nature in which the Court in *Collector of Lynn* held a

person has an expectation of privacy.

Additionally, the United States argues that dissemination of Ms. Barrigas's phone number

was not a release of the type of private information contemplated as actionable under M.G.L. c.

214, § 1B because her name and/or other identifying information was not publicized. However,

the United States forgets that it is the coupling of its broadcast of Ms. Barrigas's phone number,

with which she was easily identified by hundreds of individuals via a simple internet search, and

her private tax and financial information which was unreasonable, substantial and serious.

Given that Massachusetts substantive law (specifically M.G.L. c. 214, § 1B) applies to

this case, and that Ms. Barrigas's Amended Complaint is sufficient to place the United States on

fair notice of what her claim is, the Court should deny the United States' motion to Dismiss.


IV.     **CONCLUSION**

WHEREFORE, the plaintiff respectfully seeks that the Court DENY Stern's Motion to

Dismiss under Rule 12(b) because the Court has subject matter jurisdiction over both Ms.

Barrigas's FTCA claim and her claim under 26 U.S.C. § 7431 and 26 U.S.C. § 6103, and

because Ms. Barrigas's Amended Complaint is sufficient to properly give the United States fair

notice of the plaintiff's FTCA claim of Interference with her rights of privacy under M.G.L.

Chapter 214, § 1B.


Respectfully submitted,
For the plaintiff,


/s/ Sol J. Cohen
Sol J. Cohen
BBO # 630776
COHEN & SALES, LLC
275 Grove Street, Suite 2-400
Newton, MA 02466
Phone: (617) 621-1151
e-mail: soljcohen@cohenandsales.com

## CERTIFICATE OF SERVICE

I, Sol J. Cohen, attorney for the plaintiff, hereby certify that on this 1st day of August, 2017, I served a copy of the above document on all attorneys of record in this action via the federal court electronic filing system.

/s/      Sol J. Cohen
Sol J. Cohen